# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| COURTNEY LYLES,           )<br>      #233530,                        )<br>                                                  )<br>                Petitioner,     )<br>                                                    )<br>v.                                          )<br>                                                    )<br>ROBERT BOLLINGER, Interim   )<br>Warden, Perry Correctional Inst., )<br>                                                   )<br>              Respondent.    )<br>_____) | CIVIL ACTION NO. 9:12-1667-CMC-BM<br><br><br>**REPORT AND RECOMMENDATION** |

       This is a <u>pro se</u> Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on June 13, 2012.[1] The Respondent filed a return and motion for summary judgment on December 10, 2012. As the Petitioner is proceeding <u>pro se</u>, a <u>Roseboro</u> order was entered by the Court on December 17, 2012, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

       After receiving an extension of time to respond, Petitioner filed a memorandum in opposition to the motion for summary judgment on January 24, 2013. This matter is now before the Court for disposition.[2]

---

       [1]Filing date under <u>Houston v. Lack</u>, 487 U.S. 266 (1988).

       [2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Procedural History**

Petitioner was indicted in May 2005 in Spartanburg County for Trafficking Cocaine [Indictment No. 05-GS-42-2098]. (R.pp. 307-308). Petitioner was represented by Randall Hiller, Esquire, and after a trial by jury on April 26-27, 2006, was found guilty as charged. (R.pp. 1-192). Petitioner was sentenced to twenty-five (25) years imprisonment and a fine of $50,000. (R.p. 196).

Petitioner filed a timely appeal in which he was represented by Eleanor Duffy Clearly, Appellate Defender with the South Carolina Office of Appellate Defense. Petitioner raised the following issue in his direct appeal:

> The evidence seized from appellant's car and person, as well as evidence of the statement made to police, were the results of an unlawful search and seizure in violation of the United States and South Carolina Constitutions and should have been suppressed.

(R.p. 200).

On December 15, 2008, the South Carolina Court of Appeals filed an opinion affirming the conviction and sentence. State v. Lyles, No. 2008-UP-693 (S.C.Ct.App. filed December 15, 2008). (R.pp. 229-230). The Remittitur was sent down on December 31, 2008.

On October 16, 2009, Petitioner filed an Application for Post-Conviction Relief ("APCR") in state circuit court; Lyles v. State of South Carolina, 09-CP-42-5635; in which he raised the following issues:

1. Trial counsel was ineffective during pre-trial stages;

2. Ineffective assistance of trial counsel for allowing the State, without objection, to charge, convict, and sentence him under an indictment obtained through willful acts of perjury and prosecutorial misconduct.

(R.pp. 240, 245-246).



On May 27, 2010, an evidentiary hearing was held at which Petitioner was present and represented by Mary Elizabeth Parrilla, Esquire. (R.pp. 257-286). Following the hearing, Petitioner attempted to file a pro se motion captioned as a Rule 59(e), SCRCP motion; however, the State objected because South Carolina does not recognize "hybrid" representation and Petitioner was still represented by counsel. (R.pp. 294-302). The PCR judge agreed and dismissed the motion as improperly filed due to the "hybrid" representation rule and also because his final order had not yet been filed. (R.pp. 303-305). That same day, July 28, 2010, the PCR court entered a written order denying the petition in its entirety. (R.pp. 287-293).

Petitioner timely served and filed an appeal. Petitioner was represented on appeal by Wanda H. Carter, Deputy Chief Appellate Defender with the South Carolina Commission on Indigent Defense, who filed a Johnson[3] petition raising the following issue:

> Trial counsel was ineffective in failing to object to the portion of the arresting officer's testimony where he stated that the smell of marijuana emanating from petitioner's vehicle provided probable cause to search the vehicle because this was prior bad act evidence that was inadmissible and prejudicial especially since petitioner was neither indicted for [nor] tried on a marijuana offense, but was indicted for and tried on trafficking in cocaine instead.

See Petition, p. 2.

Petitioner also filed a pro se brief with the Supreme Court of South Carolina in which he reasserted his previous grounds for relief from his PCR application. On May 23, 2012, the South Carolina Supreme Court granted counsel's request to be relieved pursuant to Johnson and denied the petition. See Order Denying Certiorari in Appellate Case #2010-1699-69. The Remittitur was issued on June 12, 2012. See Remittitur filed on June 12, 2012.

---

[3]Johnson v. State, 364 S.E.2d 201 (S.C. 1998).



In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following claims:

> **Ground One**: The PCR Court's decision was based on an unreasonable determination of the facts in light of the three (3) issues and evidence presented at the PCR hearing.
>
> Supporting Facts: The PCR order pages 2 though pages 6 is an unreasonable determination of factual finding by PCR COURT BECAUSE THE RECORD SHOWS THAT trial counsel inadequately argued the suppression of the fruits of an otherwise illegal search by OFC. Kennedy and Deputy Price, the voluntariness of Lyle's statement to said officers prior to the search of his SUV and to defects in his indictment which clearly satisfies both prongs of Strickland and Cherry tests as well as jurisdiction over the subject matter.
>
> **Ground Two:** The PCR judge went contrary to the U.S. Supreme Court precedent and applied a legal context that should not have applied and his decision was [o]bjectively unreasonable.
>
> Supporting Facts: See supporting facts in ground one.
>
> **Ground Three:** The court lacked subject matter jurisdiction over the petitioner in this matter.
>
> Supporting Facts: Same as #1 and 2. See attached issue.

See Petition pp. 5-9.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a



clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

**I.**

After careful review of the state court filings and record, the undersigned finds that Petitioner did not properly raise in his PCR proceedings two subparts of Grounds One and Two of this Petition, both dealing with his claim relating to the voluntariness of his statement to the police under <u>Jackson v. Denno</u>[4].  Because Petitioner did not properly raise and preserve this issue in his PCR appeal or other state court proceedings, it ia barred from further state collateral review; <u>Whiteley v. Warden, Wyo. State Penitentiary</u>, 401 U.S. 560, 562 n. 3 (1971); <u>Wicker v. State</u>, 425 S.E.2d 25 (S.C. 1992); <u>Ingram v. State of S.C.</u>, No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); <u>Josey v. Rushton</u>, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); <u>Aice v. State</u>, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue this issue, it is fully exhausted.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 735, n.1 (1991); <u>Teague v. Lane</u>, 489 U.S. 288, 297-298 (1989); <u>George v. Angelone</u>, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], <u>cert.</u> <u>denied</u>, 117 S.Ct. 854 (1997); <u>Aice</u>, 409 S.E.2d at 393;  <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met

---

[4]378 U.S. 368 (1964).



when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though exhausted, because this issue was not pursued and *properly* exhausted by the Petitioner in the state court, federal habeas review of these claims is now procedurally barred absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Petitioner argues that this issue is not procedurally barred because his PCR counsel was ineffective for not properly preserving this issue. The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"); Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only



6

constitute "cause" if it amounts to an independent violation; Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996); and ineffective assistance of *PCR counsel* does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default. Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] ["[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932  (7th Cir. 1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998). Therefore, Petitioner has failed to show cause for his procedural default on this issue. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505



U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995). Therefore, this claim is procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.

## II.

In the remaining issues presented in Ground One of the Petition, Petitioner alleges that his trial counsel was ineffective for inadequately arguing the suppression of the fruits of an otherwise illegal search by Officer Kennedy and Deputy Price, and also that his indictment was defective. These issues were raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C. Code Ann. § 17-27-80 (1976), as amended. See Hughes v. State of South Carolina, No. 05-CP-38-0619.

Specifically, the PCR judge found that: 1) trial counsel's testimony was more credible than Petitioner's; 2) counsel was believable, knowledgeable, and well prepared; 3) counsel thoroughly investigated the case, researched the issues, and prepared legal arguments in support of the defense theory; 4) counsel argued aggressively against the introduction of the drug evidence and attempted to attack the credibility of State witnesses and methods of collecting evidence, but unfortunately the judge disagreed with counsel's efforts; 5) counsel communicated with the Petitioner and attempted to negotiate with the State on Petitioner's behalf; 6) with regard to Petitioner's allegation that testimony from Gwen Feaster or an expert regarding testing of drugs would have helped this case, these witnesses were not presented at the PCR hearing and Petitioner failed to show any prejudice from counsel's actions with regard to these allegedly potential witnesses; 7) Petitioner



produced no testimony or evidence to support his allegations; 8) with regard to Petitioner's allegation that counsel was ineffective for failing to object to the defective indictment, Petitioner presented no evidence or testimony in support of this claim; 9) Petitioner failed to present specific and compelling evidence that trial counsel committed either errors omissions in his representation of the Petitioner; 10) Petitioner has also failed to show that he was prejudiced by trial counsel's performance; and 11) Petitioner has not met his burden of proving counsel failed to render reasonably effective assistance. (R.pp. 291-292).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance

9



of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000).  See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"].  Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell, 88 F.3d at 269.

Petitioner has failed to meet his burden of showing that his counsel was ineffective



under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. The trial record reflects that Petitioner's counsel made a motion to suppress, and Petitioner has failed to produce any evidence or present any grounds for relief on this issue which counsel did not argue and that could have, to a reasonable probability, resulted in a different outcome. (R.pp. 44-50). Petitioner's counsel testified at the PCR hearing that, in an effort to contest the officers' testimony, he had requested a video of the traffic stop and was told there was not one. Even after being given maintenance logs showing that the equipment was out of service, counsel still subpoenaed the maintenance technicians and the maintenance records to ensure that there wasn't a video. (R.p. 276). Petitioner's counsel also testified that he checked and believed that there had been three "no tag light" searches in City of Duncan in one week. (R.p. 277).[5] Counsel testified that although he did not see the vacuum that was used for the drugs or investigate the scales that were used, he did not believe that Petitioner would have benefitted from those actions. (R.p. 278). Counsel felt like that he had a good argument to suppress the drugs seized because the officers requested consent to search the car and, when Petitioner refused, they then said that they smelled marijuana and searched the car on that basis, yet never produced the marijuana at trial.[6] However, the judge disagreed with him. (R.pp. 279-280). Counsel also testified that he cross examined the witnesses as to the methods they used to collect the cocaine and about the possibility that the drugs were mixed, but that although he had had success in other cases based on a similar argument, he was not successful in suppressing the evidence in this

---

[5]Petitioner was initially pulled over on the basis that he had a tag light that was not illuminated. The officer (Kennedy) then "smelled the odor of marijuana" during the traffic stop. (R.pp. 60-62).

[6]Petitioner was actually charged with trafficking cocaine, not with a marijuana charge. (R.pp. 307-308).

11



case. (R.pp. 280-281). Finally, counsel testified that even though he was unsuccessful in excluding the evidence, he did get the officer to admit that they didn't follow the regulations with regard to the manner in which they collected the drugs. Counsel also requested a charge on a lesser included offense, which was denied. (R.p. 282).

A review of the trial record itself confirms that counsel unsuccessfully sought suppression of the cocaine seized during the traffic stop, arguing that the officers could not detain a person for further investigation after a traffic ticket had been issued. Counsel also argued that Officer Kennedy's assertion that he smelled marijuana was suspect since there was no evidence of marijuana before the trial court, and that even if the officer had smelled marijuana, the proper protocol would have been to bring a drug dog to the scene. (R.pp. 44-45). Otherwise, counsel argued that this reasoning could be used any time to detain someone. Counsel also argued that the search should not have occurred after Petitioner denied permission. (R.p. 45). In response to counsel's motion, the State argued that probable cause existed because the burned out tag light provided the basis for the traffic stop and the odor of marijuana provided the probable cause for the search. The State also argued that it had not charged Petitioner with possession of marijuana because the marijuana charge was pending in city court. (R.pp. 46-47). The State also pointed out that it was Petitioner who produced the cocaine after he had been placed under arrest. (R.p. 48).

Although Petitioner testified that there may have been a witness or witnesses who could have helped his case, he admitted that he never told his counsel about these witnesses. (R.p. 263). Rather, he testified that if the matter had ever come up, he "probably would of let him know about them, but the question never did come up . . . ." (R.p. 264). Petitioner also testified that he believed that if counsel had gotten an expert witness to testify about certain aspects of cocaine, its

12



weight, and cut, that that would have helped to mitigate his sentence. (R.p. 268). However, as previously discussed, Petitioner produced no witnesses or evidence in his PCR proceedings to support these assertions. Bassette v. Thompson, 915 F.2d 932, 939, 941 (4th Cir.1990), cert. denied, 499 U.S. 982 (1991); Bannister v. State, 509 S.E.2d 807, 809 (S.C.1998) ["This Court has repeatedly held a PCR applicant *must* produce the testimony of a favorable witness *or otherwise offer the testimony in accordance with the rules of evidence* at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial."]; Glover v. State, 458 S.E.2d 539, 540 (S.C.1995)["[B]ecause the other witnesses respondent claimed could have provided an alibi defense did not testify at the PCR hearing, respondent could not establish any prejudice from counsel's failure to contact these witnesses."]; Clark v. State, 434 S.E.2d 266, 267–268 (S.C.1993) [pure conjecture as to what a witness' testimony would have been is not sufficient to show a reasonable probability the result at trial would have been different]; Underwood v. State, 425 S.E.2d 20, 22 (S.C.1992) [prejudice from trial counsel's failure to interview or call witnesses could not be shown where witnesses did not testify at PCR hearing]. Accordingly, Petitioner has not shown any ineffective assistance of counsel with respect to his suppression claim. See also (R.pp. 229-230)[citing cases].

With regard to the alleged deficiency in the indictment, Petitioner alleged in his PCR petition that trial counsel was ineffective for failing to object to the indictment, arguing that there was no General Sessions Court in Spartanburg County on the date of the indictment and that, therefore, it contained false information. (R.p. 246). Petitioner also alleged that the Assistant Solicitor was guilty of perjury for signing the indictment which contained this allegedly false information. (R.pp. 248-249). However, at the PCR hearing counsel did not proceed on any claim dealing with the indictment; (R.pp. 259-260, 263-269); and the PCR court specifically found that Petitioner had



produced no evidence on this issue. (R.p. 292). A review of the file confirms that there was no testimony or evidence submitted into the record at Petitioner's PCR hearing on this issue, and Petitioner has failed to present any testimony on this issue in his current filings other than his own speculation. See also, discussion [Section IV], infra.

Accordingly, Petitioner has not shown that the PCR court findings are unreasonable, nor has Petitioner shown that the state court's rejection of these claims was unreasonable. Evans, 220 F.3d at 312. These claims should be dismissed.

### III.

Petitioner also contends that, based on these same underlying grounds (suppression of the fruits of an otherwise illegal search by Officer Kennedy and Deputy Price and the defects in his indictment), the PCR judge held contrary to U.S. Supreme Court precedent and applied a legal context that should not have applied and his decision was objectively unreasonable. However, as previously discussed above, Petitioner has not shown that his counsel was ineffective with respect to any actions regarding attempting to challenge the search by the officers and the drugs found as a result of that search. With regard to the indictment, Petitioner produced no evidence or witnesses to the PCR court and also failed to make any argument. Therefore, Petitioner has not shown that the PCR court findings are unreasonable, nor has Petitioner shown that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312; see also, (R.pp. 229-230)[Order denying direct appeal]. This claim should be dismissed.

### IV.

Finally, in Ground Three of his Petition, Petitioner contends that the trial court lacked subject matter jurisdiction because of prosecutorial misconduct relating to the procuring of the



indictment. See Petitioner's Memorandum in Opposition to Summary Judgment, p. 8. Although Petitioner did not properly pursue this claim in his PCR proceedings, Petitioner appears to be arguing that a claim for lack of subject matter jurisdiction can be raised at any time. However, the ability to challenge a state court's subject matter jurisdiction "at any time" should "actually be phrased 'at any time he is in state court'". Thompson v. Perry, No 06-3429, 2007 WL 2579570 at *4 (D.S.C. Sept. 4, 2007). It is not for this Court to determine such issues of state law. Thompson, 2007 WL 2579570, at *4 ["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew v. Pancake, No. 07-37, 2007 WL 4302429 at *4 (W.D.Ky. Dec. 7, 2007)["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"].

> Additionally, the South Carolina Supreme Court noted in Winns v. State,
>
> that our decision in this case is consistent with the recently published opinion of State v. Gentry, Op. No. 25949 (S.C. Sup.Ct. filed March 7, 2005), which explains that indictments are notice documents, not documents required to confer subject matter jurisdiction. See S.C. Const. art. V, Section 11 (providing that circuit courts are 'general trial court[s] with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law').

611 S.E.2d 901, 904 n. 2 (S.C. 2005).

In Gentry, the South Carolina Supreme Court overruled prior cases "to the extent that they combine the concept of the sufficiency of an indictment and the concept of subject matter jurisdiction." Gentry, 610 S.E.2d 494, 500-501 (S.C. 2005). Therefore, under current South Carolina law, Petitioner's allegation with respect to a purported defect in his indictment is not even a subject matter jurisdiction claim. See Madden v. Warden, No. 07-1109, 2008 WL 351010, *5 (D.S.C. Feb. 7, 2008) [Discussing retroactivity of Gentry]; State v. Means, 626 S.E.2d 348, 352 (S.C. 2006)[same]; see also



15

Mazyck v. Knowlin, No. 09-1222, 2009 WL 2447981 at * 1 (D.S.C. Aug. 7, 2009)["South Carolina Supreme Court has ruled that alleged deficiencies and irregularities in an indictment are not matters of subject matter jurisdiction."]; Evans v. State, 611 S.E.2d 510, 516-520 (S.C. 2005)[subject matter jurisdiction is the power of a court to hear and determine cases whereas the indictment is a notice document and issues relating to the indictment generally are not issues of subject matter jurisdiction].

Further, the "sufficiency of an indictment or information is primarily a question of state law[7];" Tapia v. Tansy, 926 F.2d 1554, 1560 (10th Cir. 1991)](quoting Franklin v. White, 803 F.3d 416, 418 (8th Cir. 1986))(quoting Goodloe v. Parratt, 605 F.2d 1041, 1045 n. 12 (8th Cir. 1979), cert. denied, 481 U.S. 1020 (1987)), cert. denied, 502 U.S. 835 (1991); and deficiencies in state court indictments "are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985). See also Johnson v. Puckett, 930 F.2d 445, 447 (5th Cir. 1991), cert. denied, 502 U.S. 890 (1991) ["In a federal court, habeas corpus can be invoked with respect to indictments only where they are 'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment."]; Morlett v. Lynaugh, 851 F.2d 1521, 1523 (5th Cir. 1988)["[T]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction."](quoting Alexander v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985)(other citation omitted)), cert. denied, 489 U.S. 1086 (1989). There is no evidence of any such deficiency in this case. State v. Owens, 359 S.E.2d 275, 277 (S.C. 1987) [Indictment is sufficient "if the offense is stated with sufficient certainty and particularity to enable the court to

---

[7]Petitioner has argued that the indictment was obtained through "willful acts of perjury and prosecutorial misconduct." See Memorandum in Opposition to Summary Judgment, p. 2.

16



know what judgment to pronounce, the defendant to know what he is called upon to answer, and if an acquittal or conviction thereon may be pleaded as a bar to any subsequent prosecution"]; see (R.pp. 307-308). Hence, there is no basis in the record before this Court on which to find a due process violation, and Petitioner is not entitled to federal habeas relief on this ground. Estelle v. McGuire, 502 U.S. 62, 67 (1991)[It is not the province of a federal habeas court to re-examine state court determinations of state law questions.]; Thompson, 2007 WL 2579570 at *4 ["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew, 2007 WL 4302429 at *4 ["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"]; Shepler v. Evans, No. 99-7021, 1999 WL 542885 at **2 (10th Cir. 1999), cert. denied, 528 U.S. 1077 (2000).

**Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

June 27, 2013  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

17



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

