IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Courtney Lyles, #233530, | ) | C/A NO. 9:12-1667-CMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Robert Bollinger, Interim Warden, | ) | |
| Perry Corr. Inst., | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On June 27, 2013, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and this matter be dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. After receiving an extension of time to do so, Petitioner filed objections to the Report on July 29, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

1

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of those matters as to which an objection was made, and considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order except as supplemented below.

In the Return in support of the summary judgment motion, Respondent contends that Petitioner's claim of ineffective assistance of counsel related to the *Jackson v. Denno*, 378 U.S. 368 (1964), hearing is procedurally defaulted "due to Petitioner's failure to present it to the PCR court, which in turn, meant the claim was not ruled upon when Petitioner filed a *Johnson*[1] petition in the Supreme Court of South Carolina . . . ." Return at 12 (ECF No. 21).

In his petition, Petitioner argues trial counsel "inadequately argued . . . the voluntariness of Lyle's statement to [ ] officers prior to the search of his SUV . . . ." Pet. at 5 (ECF No. 1). However, he offers no other details on counsel's purported ineffectiveness. In his Objection to Respondent's Return, Petitioner merely argues that "he fairly presented his federal claim to the state court[s] and informed them [of the] factual and legal premises of the claims he asserts in federal court," Obj. to Resp. Return at 3 (ECF No. 28). Additionally, Petitioner also argues that he also properly exhausted this ineffectiveness claim "because the [P]etitioner ha[s] not filed but one Post-

---

[1]*Johnson v. State*, 364 S.E.2d 201 (S.C. 1988). A *Johnson* petition is the State of South Carolina PCR equivalent to an appellate brief submitted pursuant to *Anders v. California*, 386 U.S. 738 (1967).

2

Conviction relief application[,]" and that his claim was therein properly presented. Obj. to Resp. Return at 3 (ECF No. 28). Finally, Petitioner argues in his Objections to the Report that application of the procedural bar is "misplaced" because "Petitioner claims that defense counsel was ineffective in the Jackson v. Denno hearing." Obj. at 4 (ECF No. 40). In support of this ineffectiveness claim, Petitioner refers the court to the trial transcript, the transcript of the PCR hearing, and the Order of the PCR court dismissing his PCR application.

The court agrees with Respondent and the Report that Petitioner has failed to properly exhaust this issue, raised in both Ground One and Ground Two. The issue outlined in his Post-Conviction Relief (PCR) application and evidence presented during the evidentiary hearing went to the legality of the search of the vehicle which yielded drugs and led to the charge of trafficking, not the voluntariness of Defendant's statements to police.

Moreover, none of Petitioner's arguments establish that Petitioner has properly exhausted his claim relating to any alleged ineffectiveness during the *Denno* hearing. Accordingly, this claim is procedurally defaulted and barred from consideration in this court.

In the alternative, Petitioner argues that he can establish cause to excuse procedural default of this claim because (he contends) he "had a constitutional right to an effective attorney in the collateral (PCR) proceeding . . ." and that PCR counsel failed to properly preserve this issue. Obj. at 4.

The Report indicates that "ineffectiveness of *PCR counsel* does not amount to an independent constitutional violation and is not therefore 'cause' for a procedural default." Report at 7 (ECF No. 34) (emphasis in original). However, the Supreme Court recently noted that "'[c]ause' . . . is not synonymous with 'a ground for relief[,]'" *Martinez v. Ryan*, 565 U.S. __, __,

132 S. Ct. 1309, 1320 (2012), and that the Court had previously "left open . . . a question of constitutional law: whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Martinez,* 132 S. Ct. at 1315.

In *Martinez*, the Supreme Court declined to answer the constitutional question, but chose to establish a "limited qualification" to the rule in *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), that any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of a claim of ineffectiveness of trial counsel. *Martinez*, 132 S. Ct. at 1319. The *Martinez* Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 1315. In describing its holding in *Martinez*, the Supreme Court has recently stated that

> [w]e . . . read *Coleman* as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. __, __, 133 S. Ct. 1911, 1918 (2013) (citing *Martinez*, 132 S. Ct. at 1318-19, 1320-21); *see also Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing the *Martinez* test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under *Strickland*, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

Therefore, to excuse the failure to raise the claim in his PCR proceeding that trial counsel was ineffective during the pretrial *Jackson v. Denno* hearing, Petitioner must "show that [PCR] counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for [her] errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." *Sexton*, 679 F.3d at 1157; *see also Williams v. Taylor*, 529 U.S. 362, 391 (2000) (stating that "the *Strickland* test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) counsel's errors were so serious that her performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution and (2) petitioner was prejudiced as a result).

Applying *Martinez* to the record and Petitioner's claim, Petitioner cannot make out a claim of ineffectiveness of PCR counsel. First, he has made no specific claim of ineffectiveness, but simply contends his trial counsel "inadequately argued" the voluntariness of his statement. Second, it is clear from the record that trial counsel prepared for, and presented evidence related to, the voluntariness of Petitioner's statements to police, and that the trial court denied the motion. Accordingly, Petitioner has failed to establish that his underlying claim of ineffective assistance is "substantial." Moreover, Petitioner has not presented evidence, beyond conclusory assertions, of any prejudice associated with trial counsel's alleged ineffectiveness.

The remainder of Petitioner's objections have been considered and are also rejected. Accordingly, Respondent's motion for summary judgment is **granted**, and this petition is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 15, 2013